IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KYLE C. PIATT**
940 Marion-Williamsport Rd E,
Marion, OH 43302                              Civil Action No.: 3:24-cv-96

       Petitioner,

vs.

**WARDEN HAROLD MAY**
940 Marion-Williamsport Rd E,
Marion, OH 43302

       Respondent.

**PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Kyle Piatt, through counsel, avers the following:

**PARTIES**

1. Petitioner Piatt is confined at the Marion Correctional Institution, located in Marion, Ohio. He is serving a (5) year prison sentence imposed by the Wayne County Court of Common Pleas, in Case No. 2018 CRC-I 000289.

2. Respondent is the warden of the Marion Correctional Institution.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the Petition pursuant to 28 U.S.C §§ 2254 & 1331. Piatt is in custody from a judgement of an Ohio court and seeks relief because his conviction, sentence, and confinement are in violation of the clearly established federal law and resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding and discovered after the jury rendered a guilty verdict for Petitioner Piatt.

4. This Court is the proper venue, pursuant to 28 U.S.C §§ 2241(d), because Piatt's convictions occurred in Wayne County, Ohio.

## PROCEDURAL HISTORY

5. Piatt was prosecuted upon (1) indictments filed in Wayne County Court of Common Pleas based on (1) charge of sexual battery. Piatt pled not guilty at his arraignment. His case proceeded to a jury trial on this single count indictment. Piatt was convicted of this charge and was sentenced to five (5) years in prison. Piatt did testify at trial.

6. Piatt appealed his convictions and sentence to the Ohio Court of Appeals, which affirmed the trial court's decision. The appeal was reviewed by the Ninth District Court of Appeals under Case No. 2019-AP-X 000023. This appeal was denied on March 30, 2020.

7. In the direct appeal, Piatt raised as grounds for relief the following assignments of error, which the court of appeals consolidated and rearranged for purposes of issuing their opinion denying the appeal: Insufficiency of evidence regarding both actus reus and mens rea; error on the trial court's behalf to admit evidence of prior bad acts in violation of Evid. R. 404(B); Error on the trial court's behalf to allow leading questions in violation of Evid. R. 611(C); That the trial court errored in applying R.C. 2907.03(A)(1) in an unconstitutional manner, and further that the statute is unconstitutional as applied; that the conviction was against the manifest weight of the evidence; that the conviction violates the Fourteenth Amendment; that the trial court errored in not recusing itself during sentencing; and lastly, ineffective assistance of counsel in violation of the Sixth Amendment. *State v. Piatt*, 2020-Ohio-1177.

8. Piatt then appealed to the Supreme Court of Ohio, which declined to accept jurisdiction over his case. This case number is Case No. 2021-1275. Jurisdiction was denied on March 15, 2021. The following assignments of error were raised: Proposition of Law I: The improper introduction of prior bad acts to bolster witness credibility constitutes a violation of one's Sixth Amendment Rights to a fair trial; Proposition of Law II: The introduction of prior bad acts to prove an element of the charged offense inverts the standard of proof, thereby denying one's Sixth Amendment Right to a fair trial; Proposition of Law III: Regardless of whether a biased judge is requested to recuse his or herself, they should, of their own accord, recuse themselves when statements are made open and public courtroom expressing their obvious bias towards or against a defendant to ensure defendant has a fair trial in accordance with the Sixth Amendment.

9. A petition for certiorari in the United States Supreme Court was not filed.

10. A petition for post-conviction relief was filed before the Wayne County Common Pleas Court in case number 2018 CRC-000289 on July 5, 2022 entitled a Motion to Vacate or Set Aside Judgment of Conviction or Sentence. The following grounds were raised: Trial counsel was ineffective for failing to call material witness, Laura Pumphrey; Trial counsel was ineffective resulting in prejudice to the defendant for failing to file a

motion to continue trial when material witness, Charlie Siders, did not appear for trial despite being subpoenaed. Mr. Piatt established grounds for a new trial based upon newly discovered evidence.

11. Piatt's petition was denied without a hearing on August 23, 2022.

12. The denial of the post-conviction petition was appealed to the Ninth District Court of Appeals.

13. The Court of Appeals affirmed the trial court's decision to deny post-conviction relief on August 7, 2023.

14. This Petition follows: Piatt has not filed a prior habeas petition.

## GROUNDS FOR RELIEF

15. Piatt's Sixth Amendment Right to counsel was violated as trial counsel was ineffective by failing to enforce Piatt's right to compulsory process by failing to enforce the properly served subpoena for material witness, Charlie Siders, who would have challenged the credibility of the State's only witness, thereby directly negatively impacting the results of trial.

16. Trial counsel was ineffective for failing to request a continuance of the trial and the state court violated Piatt's due process rights and right to compulsory process by failing to issue a continuance for nonappearance of a material witness. *United States v. Shaver*, 2023 U.S. Dist. LEXIS 61589, *28.

17. The Sixth Amendment provides that in criminal prosecutions, the accused shall enjoy the right "to have compulsory process for obtaining witnesses in his favor." The Compulsory Process Clause of the Sixth Amendment is violated when a criminal defendant is arbitrarily deprived of testimony that would have been relevant and favorable to the defense. *Id.* at 867; *Washington v. Texas*, 388 U.S. 14, 18, 18 L. Ed. 2d 1019, 87 S. Ct. 1920 (1967).

18. Trial counsel subpoenaed a witness named Charlie Siders to testify on Mr. Piatt's behalf as evidenced by the trial court docket. Mr. Siders would have testified that he and the complaining witness, AM, had consensual sex with one another immediately following her allegedly being sexually assaulted by Mr. Piatt. This was sworn to in Exhibit E, attached and submitted to the trial court in support of the Motion to Vacate or Set Aside the Judgment. Immediately following the encounter AM and Mr. Piatt had with one another, AM confessed to Mr. Siders, whom she was having a romantic relationship with, that she, AM, and Mr. Piatt, had sex with one another, despite AM

and Mr. Siders being in a relationship. Mr. Siders would have testified that AM never stated that Mr. Piatt raped her. Mr. Siders was the first person AM saw immediately following the alleged sexual assault, and notably, AM did not tell Mr. Siders that she was raped. Instead, AM informed Mr. Siders that she and Mr. Piatt, the father of her child, had sex. Mr. Siders was a known witness to the defense. He was subpoenaed to appear, and failed to appear. Trial counsel for Mr. Piatt failed to request a continuance, and failed to request a material witness warrant, despite Mr. Siders being a material, necessary witness.

19. "Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." *State v. Treesh*, 90 Ohio St.3d at 490, 739 N.E.2d 749. However, in the underlying case, the violation of Piatt's right to effective counsel is evidenced by the decision to subpoena a material witness- Charlie Siders- and the then lack of action and enforcement of a properly served subpoena- the result of which deprived Piatt of his due process rights and fair trial.

20. This failure to enforce a subpoena, failure to request a material witness warrant, and failure to request a continuance does not constitute trial strategy.

## EXHAUSTION

21. Piatt's claims of law and fact in Paragraphs 15-20 were presented to and rejected by the trial court through post-conviction petition relief. The trial court held that Piatt was procedurally time-barred for filing an ineffective assistance of counsel claim past the three hundred sixty-five day time limitation described in Ohio Rev. Code 2953.21. Within his post-conviction petition, Piatt argued both ineffective assistance of counsel based upon the failure to request a continuance and enforce the subpoena, as well as the existence of evidence de hors, proffering the affidavit of the material witness which was obtained after Piatt was convicted, sentenced, and had obtained new counsel.

22. The Ninth District Ohio Court of Appeals affirmed the trial court's decision for the denial of post-conviction relief.

23. Ground one was exhausted in state court by being raised through post-conviction relief and on appeal from a denial of the post-conviction petition filed with the original trial court. This issue was not raised by the original appellate counsel for Mr. Piatt; however, evidence of what Mr. Siders would have testified to was evidence de hors outside the record that could have only been properly raised through a post-conviction relief.

24. The State court ultimately denied Piatt's post-conviction, finding that Piatt was time-barred from raising his ineffective assistance of counsel through a petition for post-conviction relief in state court-in violation of his rights guaranteed under the Sixth and

Fourteenth Amendment Amendments to the United States Constitution- there is both an absence of available State corrective process and circumstances exist that render such process ineffective to protect the rights of Piatt through State court.

### ADDITIONAL GROUNDS FOR RELIEF

25. The introduction of prior bad acts to prove an element of the charged offense inverted the burden of proof, placing it on Piatt, thereby denying Piatt of Sixth Amendment Right to a fair trial.

26. It is prejudicial, reversible error to allow the State to introduce evidence of prior bad acts to enable burden shifting regarding the standard of proof, which resulted in the wrongful consideration of the complaining witness's mental state. Specifically, the trial court erred by allowing the State to introduce evidence of prior bad acts, that of a certain look Mr. Piatt supposedly gave to A.M., caused her to be in fear or submit to his coercion. By shifting the burden, and requiring Kyle Piatt to defend against an involuntary look his face apparently portrayed during the alleged incident, as opposed to the State of Ohio to their burden regarding the defendant's mental state, Mr. Piatt was unfairly prejudiced and his constitutional rights were violated.

### EXHAUSTION

27. Piatt's claims of law and fact in Paragraphs 24-26 were presented to and rejected by the Ohio Supreme Court.

### RELIEF REQUESTED

Piatt prays that this Honorable Court:

1. Issue a writ of habeas corpus requiring the warden to release him from custody; or, alternatively, issue a conditional writ of habeas requiring release if he is not retried with a time certain.

2. Serve a copy of this Petition on the warden [Harold May, 940 Marion-Williamsport Rd E, Marion, OH 43302 and his counsel [Attorney General David Yost, 30 East Broad Street, 14th Floor, Columbus, Ohio 43215], pursuant to Habeas Rule 4.

3. Require Respondent to bring forward the entire state court record.

4. Require Respondent to file an answer admitting or denying each factual allegation contained herein.

5. Allow Petitioner to conduct discovery and expand the record.

6. Conduct a hearing to permit Petitioner to establish in evidence the allegations contained herein, notwithstanding any denial(s) filed by Respondent.

7. Allow Petitioner to brief issues of law and fact.

8. Grant all other relief as it deems appropriate.

                                    Respectfully submitted,

*/s/ Catherine H. Breault*
**CATHERINE H. BREAULT (0098433)**
**JON PAUL RION (0067020)**
**RION, RION, & RION, LPA., INC.**
130 W. Second Street
Suite 2150
Dayton, Ohio 45402
(937) 223-9133 (Phone)
(937) 223-7540 (Fax)
info@rionlaw.com